**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| STEPHEN JOSEPH GRAHAM, | : | CIVIL ACTION NO. |
| BOP Reg. # 51752-019, | : | 2:11-CV-271-RWS-SSC |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:00-cr-77-RWS-SSC-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Stephen Joseph Graham, a federal prisoner, has filed an "Independent Action Pursuant to the Rule of Equity" [Doc. 168] to challenge his September 2002 judgment of conviction in this Court. He has also filed a "Motion Request for an Evidentiary Hearing and the Appointment of Counsel" [Doc. 169].

A prisoner in custody under sentence of a federal court may collaterally attack his sentence by way of a motion brought under 28 U.S.C. § 2255. However, "[i]f it plainly appears from the [28 U.S.C. § 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(b). Because it appears from "the record of prior proceedings" in this case that Movant's "Independent Action" is actually his third impermissibly second or successive § 2255 motion, the undersigned **RECOMMENDS** that it be **DISMISSED**.

On September 20, 2002, this Court sentenced Movant to life imprisonment on each of two counts of trafficking in methamphetamine in violation of 21 U.S.C.

§ 841(b)(1)(A)(viii) and other statutes. (Doc. 96; see Doc. 113, Ex. A). Movant's direct appeal failed. [Doc. 112]. He then filed a Motion Under 28 U.S.C. § 2255. [Doc. 113]. The Court denied that motion on the merits on July 7, 2006. [Doc. 117].

Movant again challenged his 2002 judgment of conviction by "Motion Under Rule 60(b)(6)" filed on August 10, 2007. [Doc. 141]. On June 19, 2008, the Court denied the purported Rule 60(b)(6) motion as an impermissibly second or successive § 2255 motion. [Doc. 145].

On November 6, 2008, Movant sought *coram nobis* relief by filing a "Writ of Error as to the Applied 21 U.S.C. § 851," challenging the enhancement to his sentence. [Doc. 147]. Noting that Movant "must seek certification of his motion from the Court of Appeals before it may be considered," the Court denied that motion as another impermissibly second or successive § 2255 motion. (Doc. 148 at 2). The Eleventh Circuit subsequently denied Movant a certificate of appealability. [Doc. 166].

Movant has now filed this "Independent Action," in which he once again challenges his 2002 judgment of conviction by alleging that he was sentenced erroneously to life imprisonment due to defects in the government's 21 U.S.C. § 851 Notice of Enhancement. (Doc. 168 at 2-7). Movant contends that this Court has jurisdiction to hear his claims; he cites United States v. Beggerly, 524 U.S. 38,

AO 72A
(Rev.8/82)

46 (1998), apparently for the proposition that the defects in the Notice were "sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." (Id. at 7 (internal quotations omitted)).

A prisoner challenging his federal sentence while in custody ordinarily must file a motion "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a); see United States v. Brown, 117 F.3d 471, 474-75 (11th Cir. 1997) ("Because [appellant] was in custody within the meaning of § 2255 when he filed his [coram nobis] petition in the district court, coram nobis relief was unavailable to him, and § 2255 was his exclusive remedy."). However, the § 2255(e) "savings clause" allows a federal prisoner to challenge his detention via a 28 U.S.C. § 2241 petition for habeas corpus when "the remedy by motion is inadequate or ineffective." 28 U.S.C. § 2255(e). Nevertheless, the savings clause has limited application and does not permit "a federal prisoner to challenge his sentence in a 28 U.S.C. § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the § 2255(h) bar against second and successive motions."[1] Gilbert v. United States, 640 F.3d 1293, 1295, 1322 (11th Cir. 2011) (en banc) (noting that "the actual innocence of sentence exception to the bar against second or successive motions

---

[1]Although the Gilbert Court noted that this rule might not apply "where the sentence the prisoner is attacking [exceeds] the statutory maximum," it also noted that "regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines," life imprisonment (the sentence Movant received) is the statutory maximum sentence for a violation of 21 U.S.C. § 841(b)(1)(A) (the statute under which Movant was convicted). Gilbert, 640 F.3d at 1295, 1306; see id. at 1323.

3

involving sentence claims . . . did not survive" the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996).

Therefore, Movant's "Independent Action" is properly treated as yet another second or successive § 2255 motion, his third, requiring that he obtain prior authorization from the Eleventh Circuit. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). There is no indication in the record that Movant has obtained that authorization. Accordingly, this Court lacks subject matter jurisdiction over Movant's "Independent Action," properly construed as a § 2255 motion, and it is due to be dismissed. See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), cert. denied, 542 U.S. 958 (2004).

## **Certificate of Appealability**

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore,

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

4

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (addressing state prisoner's federal petition for a writ of habeas corpus) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (setting out standards for issuing a COA from denial of a 28 U.S.C. § 2254 petition)); see also Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack COA standards to denial of § 2255 motion). Because Movant's "Independent Action" is unquestionably second or successive, a certificate of appealability should not issue in this matter.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Movant's "Independent Action Pursuant to the Rule of Equity" [Doc. 168] under Rule 4(b) of the Rules Governing Section 2255 Proceedings as an impermissibly second or successive 28 U.S.C. § 2255 motion; **DENY as moot** his "Motion Request for an Evidentiary Hearing and the Appointment of Counsel" [Doc. 169]; and **DENY** him a certificate of appealability.

5

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 23rd day of November, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A
(Rev.8/82)